JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA           :     INFORMATION

   - v. -                          :

                                                                            :     07 Cr. ___

LAWRENCE DAVIS,
    a/k/a "Larry Davis,"            :     07 CRIM 1023

         Defendant.               :

------------------------------------x

## COUNT ONE

**(Conspiracy to Violate the Arms Export Control Act ("AECA"))**

        The United States Attorney charges:

        1.   From at least in or about the spring of 2005, up to and including in or about the summer of 2006, in the Southern District of New York and elsewhere, LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 22, United States Code, Section 2778.

        2.   It was a part and an object of the conspiracy that LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, and others, known and unknown, unlawfully, willfully, and knowingly, would and did export, and cause to be exported, from the United States to co-conspirators not named as defendants herein located in

1

Dubai, United Arab Emirates ("UAE"), defense articles listed on the United States Munitions List ("USML"), to wit, military aviation parts for, among other things, the F-14 military fighter jet, without having first obtained from the United States Department of State, Directorate of Defense Trade Controls ("DDTC"), a license, or other written authorization, for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and regulations promulgated thereunder, including Title 22, Code of Federal Regulations, Sections 120.6, 120.17, 120.20, 121.1 (category VIII), 123.1, and 127.1.

       3.   It was further a part and an object of the conspiracy that LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, and others, known and unknown, unlawfully, willfully, and knowingly, would and did use export control documents, to wit, airway bills, containing false statements and misrepresenting and omitting material facts for the purpose of exporting defense articles and technical data listed on the USML, to wit, military aviation parts for, among other things, the F-14 military fighter jet, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and regulations promulgated thereunder, including Title 22, Code of Federal Regulations, Sections 120.6, 120.17, 120.20, 121.1 (category VIII), 123.1, 127.1, and 127.2.

**Overt Acts**

4.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   On multiple occasions from in or about the summer of 2005 to in or about the spring of 2006, LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, exported military aviation parts designated as defense articles on the USML, including the F-14 military fighter jet, to a co-conspirator not named as a defendant herein ("CC-1") in Dubai, UAE.

   b.   On airway bills associated with the above-referenced shipments, DAVIS misrepresented the value of the content of those shipments.

(Title 18, United States Code, Section 371.)

**COUNT TWO**

**(Conspiracy to Commit Mail Fraud)**

The United States Attorney further charges:

5.   From at least in or about the spring of 2005, up to and including in or about the summer of 2006, in the Southern District of New York and elsewhere, LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the laws of the

3

United States, to wit, to commit mail fraud in violation of Title 18, United States Code, Section 1341.

6. It was a part and an object of the conspiracy that LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, and attempting so to do, to wit, to undervalue the contents of shipments of aviation parts sent from LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, to CC-1 in Dubai, UAE, would and did deposit and cause to be deposited any matter and thing whatever to be sent and delivered by any private or commercial interstate carrier, and would and did take and receive therefrom, any such matter and thing, and knowingly would and did cause to be delivered by such carrier according to the direction thereon, any such matter and thing, in violation of Title 18, United States Code, Section 1341.

(Title 18, United States Code, Section 1349.)

### COUNT THREE

**(Conspiracy to Commit Money Laundering)**

7. From at least in or about the spring of 2005 up to and including in or about the summer of 2006, in the Southern

4

District of New York and elsewhere, LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

8.   It was a part and an object of the conspiracy that LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, mail fraud, in violation of Title 18, United States Code, Section 1341 and illegal export of items falling on the USML, in violation of Title 22, United States Code, Section 2778, (a) with the intent to promote the carrying on of specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) of Title 18, United States Code.

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

(As to Counts One and Two)

9.  As a result of committing one or more of the offenses alleged in Counts One and Two of this Information, in violation of 18 U.S.C. §§ 371 and 1349, LAWRENCE DAVIS, a/k/a "Larry Davis," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of this Information, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

### Substitute Assets Provision

10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 981(a)(1)(C);
          Title 21, United States Code, Section 853(p);
          Title 28, United States Code, Section 2461.)

## **FORFEITURE ALLEGATIONS**

(As to Count Three)

11. As a result of committing the money laundering offense alleged in Count Three of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense.

### Substitute Assets Provision

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1)  cannot be located upon the exercise of due diligence;

    (2)  has been transferred or sold to, or deposited with, a third party;

    (3)  has been placed beyond the jurisdiction of the court;

    (4)  has been substantially diminished in value; or

     (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

 (Title 18, United States Code, Sections 982 and 1956.)

*Michael Garcia*
MICHAEL J. GARCIA
United States Attorney

8

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**LAWRENCE DAVIS,
a/k/a "Larry Davis,"**

**Defendant.**

**INFORMATION**

07 Cr. ___

(Title 18, United States Code, Sections
371, 1349, 1956)

MICHAEL J. GARCIA

United States Attorney.